Case 8:20-cr-00438-PJM   Document 1   Filed 12/07/20   Page 1 of 7

✓ FILED         ___ ENTERED
___ LOGGED      ___ RECEIVED

4:49 pm, Dec 07 2020
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

EBP: USAO2020R00873

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.** 20-cr-438-PJM |
| | * | |
| **JOVAN BELL,** | * | (Bank Fraud Conspiracy, 18 U.S.C. |
| | * | § 1349; Forfeiture, 18 U.S.C. |
| **Defendant** | * | § 982(a)(2) and (b)(1), 21 U.S.C. |
| | * | § 853(p) |
| | * | **UNDER SEAL** |

*******

## INFORMATION

### COUNT ONE
### (Bank Fraud Conspiracy)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

### Introduction

1. Defendant **JOVAN BELL ("BELL")** was a resident of Maryland.

2. **BELL** was employed as a member service representative for Bank A, a federal credit union.

3. **Co-conspirator 1** was an associate of **BELL**'s who resided in the District of Maryland. **Co-conspirator 2** was involved in a romantic relationship with **Co-conspirator 1**. **Co-conspirator 3** was also employed as a member service representative for Bank A.

4. Bank A was a financial institution within the meaning of 18 U.S.C. § 20 in that its deposits were insured by the National Credit Union Share Insurance Fund.

5. As part of **BELL**'s duties at Bank A, **BELL** was responsible for assisting Bank A members with submitting loan applications, ensuring that cash and other negotiable instruments

were handled properly, complying with federal and other regulations relating to financial products and services, and opening bank accounts.  **BELL** primarily worked at Bank A's branch in Laurel, Maryland.

## The Conspiracy

6.   Between at least in or about October 2019 and in or about March 2020 in the District of Maryland and elsewhere, the defendant,

**JOVAN BELL,**

did knowingly and willfully combine, conspire, confederate, and agree with **Co-conspirator 1** and others known and unknown to the United States Attorney, to execute a scheme and artifice to defraud Bank A, and to obtain and to attempt to obtain money, funds, credits, assets, and securities owned by and under the custody and control of Bank A by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), in violation of 18 U.S.C. § 1344.

## Manner and Means of the Conspiracy

It was part of the scheme to defraud that:

7.   **Co-conspirator 1** obtained fraudulent identification documents displaying the personal identifying information of victim account holders, but photographs of others.

8.   **Co-conspirator 1** referred Co-conspirators to **BELL** and **Co-conspirator 3** for the purpose of opening bank accounts or obtaining loans at Bank A using fraudulent information.

9.   **BELL** provided instructions to **Co-conspirator 1** regarding the type of accounts to open and how to open the accounts using the fraudulent information.

10.   At **Co-conspirator 1**'s direction, **BELL** and **Co-conspirator 3** opened bank accounts using the personal identifying information of other individuals.

11. At **Co-conspirator 1**'s direction, **Co-conspirator 2** used the false identification documents to impersonate the victim account holders and make large withdrawals from Bank A that belonged to the victim account holders.

12. **Co-conspirator 1** compensated **BELL** and **Co-conspirator 3** by paying **BELL** and **Co-conspirator 3** in cash for the fraudulent activity they facilitated.

### Overt Acts

13. In furtherance of the conspiracy and to effect the objects thereof, the defendant and others committed and caused to be committed the following over acts, among others, in the District of Maryland and elsewhere:

   a. On or about October 3, 2020, at the direction of **Co-conspirator 1** and **Co-conspirator 2, BELL** opened a fraudulent account at Bank A in the name of "Jasmine Jamison."

   b. On or about October 9, 2019, at the direction of **Co-conspirator 1**, **BELL** opened a fraudulent account at Bank A in the name of "Carter Hill."

   c. On or about October 18, 2019, at the direction of **Co-conspirator 1, BELL** opened a fraudulent account and obtained a loan for $24,988.99 from Bank A in the name of "Gretchan Mock."

   d. On or about October 21, 2019, at the direction of **Co-conspirator 1, Co-conspirator 3** opened a fraudulent account and obtained a loan for $23,000 at Bank A in the name of "Patrick Johnson."

   e. On or about October 23, 2019, at the direction of **Co-conspirator 1, Co-conspirator 2** went to Bank A and met with **BELL**. With the assistance of **BELL**, **Co-conspirator 2** opened a fraudulent account and obtained a loan for $15,000 from Bank A in the name "Amanda Steinbach."

f.      On or about November 2, 2019, at the direction of **Co-conspirator 1, Co-conspirator 3** opened a fraudulent account and obtained a loan for $10,000 at Bank A in the name "Felcia Franco."

g.      On or about November 4, 2019, **Co-conspirator 1** opened a fraudulent account online in the name "Brett Galloway" and applied for a $17,000 loan at Bank A. **Co-conspirator 1** directed **Co-conspirator 4** to the Bank A where **BELL** assisted **Co-conspirator 5** in obtaining the loan proceeds.

h.      On or about December 20, 2019, **Co-conspirator 1** opened a fraudulent account online and obtained a loan for $25,000 from Bank A in the name "Ellen Stark."

i.      On or about January 31, 2020, at the direction of **Co-conspirator 1** and **BELL, Co-conspirator 3** opened a fraudulent account and obtained a loan for $18,000 at Bank A in the name "Alexander West."

j.      On or about March 6, 2020, **Co-conspirator 1** deposited a fraudulent $75,000 check into the "Carter Hill" bank account at Bank A. The check drew on funds from an account in the name of Company 1 and had been altered to be made payable to "Carter Hill."

k.      On or about March 24, 2020, **Co-conspirator 2** used Victim 1's personal identifying information to fraudulently open a bank account at Bank A and obtain an auto loan for $65,000. **Co-conspirator 2** caused the loan proceeds to be wired to Victim 1's fraudulently opened bank account.

l.      On or about March 25, 2020, at the direction of **Co-conspirator 1, Co-conspirator 2** used the identity of Victim 1 and attempted to withdraw $65,000 from Victim 1's fraudulently opened bank account. Ahead of the transaction, **Co-conspirator 1** contacted **Co-**

**conspirator 3** to let **Co-conspirator 3** know that **Co-conspirator 2** would be attempting to withdraw the money.

18 U.S.C. § 1349

## **FORFEITURE ALLEGATION**

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(2) and (b)(1) and 21 U.S.C. § 853(p), in the event of the defendant's conviction under Count One of this Information.

2. Upon conviction of the offense set forth in Count One, the defendant,

**JOVAN BELL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting or derived from proceeds the Defendant obtained directly or indirectly as a result of the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of $6,000 in U.S. currency.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

18 U.S.C. § 982(a)(2) and (b)(1)
21 U.S.C. § 853(p)

Date: December 7, 2020

*Robert K. Hur*

Robert K. Hur
United States Attorney